UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MELISSA BRESNAHAN,

    Plaintiff,

vs.

UNITED STATES CELLULAR
CORPORATION,

and

MRS BPO, L.L.C.,

    Defendants.

Case No. 20-cv-1843

## COMPLAINT

NOW COMES the Plaintiff Melissa Bresnahan, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendants United States Cellular Corporation, and MRS BPO, L.L.C., and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

1. This lawsuit arises from the illegal collection attempts of Defendants United States Cellular Corporation, and MRS BPO, L.L.C.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. § 421, *et seq.* ("WCA").

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

5. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

6. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

2
Case 2:20-cv-01843-JPS   Filed 12/14/20   Page 2 of 9   Document 1

7. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

8. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

9. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. *Id.*

**JURISDICTION AND VENUE**

12. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

13. This Court also has jurisdiction under the FDCA and WCA within one year from the date on which the violation occurred.

14. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

15. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## PARTIES

16. Plaintiff Melissa Bresnahan (hereinafter "Plaintiff") is a natural person who resides in the Village of Elm Grove, County of Waukesha, State of Wisconsin.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3), is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Act, and is a "customer" as that term is defined in Wis. Stat. 421, *et seq*.

18. Defendant United States Cellular Corporation ("Defendant US Cellular") is a foreign corporation with a principal office located at 8410 W. Bryn Mawr Ave., Suite 700, Chicago, IL 60631. Defendant US Cellular's registered agent is Mark Krohse, at the same address.

19. Defendant US Cellular is a "debt collector" pursuant to Wis. Stat. §427.103(3).

20. Defendant MRS BPO, L.L.C. ("Defendant MRS BPO") is a foreign corporation with a principal office located at 1930 Olney Ave., Cherry Hill, NJ 08003. Defendant MRS BPO's registered agent is Cogency Global Inc., c/o Dane County Title Company, Inc., 901 S. Whitney Way, Madison, WI 53711.

21. Defendant MRS BPO is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

22. Defendant MRS BPO is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## BACKGROUND

23. On or about December 2, 2020, Defendant MRS BPO sent Plaintiff a collection letter.

24. Defendant MRS BPO was attempting to collect on a debt on behalf of Defendant US Cellular.

25. Defendant US Cellular is well aware that Plaintiff has been the victim of identity theft, and the collection accounts and credit reporting associated with them.

26. The collection letter relates to an account stemming from identity theft.

27. Defendant US Cellular has been aware of Plaintiff's identity theft issues since 2019.

28. Specifically, in February, 2019, Plaintiff became aware she had been the victim of identity theft involving a US Cellular account/equipment.

29. Plaintiff filed a police report on this identity theft issue, resulting in the apprehension of the identity thief.

30. Plaintiff provided information, related to the identity theft, to US Cellular in 2019. Defendant US Cellular agreed that Plaintiff was not responsible for the debt.

31. Defendants failed to make a reasonable investigation into the debt before sending the December 2, 2020 letter to Plaintiff.

32. Defendants have either no procedures for investigating and protecting the victims of identity theft, or it knowingly collected on a debt stemming from identity theft.

33. Plaintiff's prior concern about endless harassment from collection agencies has come to fruition, as Defendants continue to disregard and violate her rights.

34. At this point in time, Plaintiff has ever growing worries that collection agencies will continue to hound her endlessly. She is further concerned the collection agency would show up on her credit, causing her further damage.

35. Plaintiff suffered emotional distress over a concern and fear that Defendants will continue to violate her rights.

36. This fear of continued harassment and a potential lawsuit was particularly troublesome to the Plaintiff, as she spends large amounts of time out of the country providing relief work as a non-profit servant. Her life work is serving others, yet she was distracted and concerned about the collection activities in violation of her rights.

37. Plaintiff also grew concerned and feared that nothing will deter Defendants from damaging her credit and reputation, along with continued violations of her rights.

38. Defendant MRS BPO's collection letter caused Plaintiff marked concern, worry, and aggravation. Specifically, she is concerned that Defendants MRS BPO and/or US Cellular would trash her credit rating and reputation by reporting the account, and that Defendants MRS BPO and/or US Cellular would sue her for the balance owed. She is concerned that all of this would occur while she is abroad.

39. At all relevant times, Defendants MRS BPO and US Cellular are attempting to collect on an account stemming from identity theft.

40. Plaintiff has suffered actual damages, including emotional distress listed above, as a result of the collection attempts of Defendants MRS BPO and US Cellular. While serving overseas, Plaintiff has limited access to the internet (to be used for calling) and on-again-off-again access to electricity – making it difficult to investigate and address her ongoing identity theft, credit reporting, and debt collection concerns. Further, these issues are taking valuable time

away from her service duties and time at home while on leave. The issues also filled her with fear and concern that her valid accounts might be impacted by these issues, and she would be stranded overseas without any access to funds.

41. Plaintiff has suffered damages as outlined above.

**COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, (15 U.S.C. §1692) – DEFENDANT MRS BPO ONLY**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

44. The foregoing acts of the Defendant MRS BPO, and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), with respect to the Plaintiff.

45. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on the account that did not belong to Plaintiff.

46. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on the account that did not belong to Plaintiff.

47. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they tried to collect on the account that did not belong to Plaintiff.

48. The Plaintiff has suffered actual damages as a result of these illegal collection communications.

7

Case 2:20-cv-01843-JPS   Filed 12/14/20   Page 7 of 9   Document 1

49. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT, (WIS. STAT. § 427.104) – ALL DEFENDANTS

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer."

52. Defendants engaged in such conduct when they tried to collect on the account that did not belong to Plaintiff.

53. Under Wis. Stat. § 427.104(j), a debt collector cannot claim, threaten, or attempt to enforce a right when they know it does not exist. Defendants knew it had no right to collect a debt from the Plaintiff, yet continued to do so.

54. Plaintiff has suffered actual damages as a result of these illegal collection communications.

55. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

### TRIAL BY JURY

Plaintiff is entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff prays that this Court will enter judgment against Defendants as follows:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1), for the Plaintiff;
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for the Plaintiff;
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants Verizon and Southwest;
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
F. For such other and further relief as may be just and proper.

Dated this 14th day of December, 2020.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*